

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
WILL WILSON XXXXXXXX
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-3328
Re: Whether or not the vehicles
making up a "combination of
vehicles" measured as a unit
under the Scientific Truck Bill
should be registered separately
or together under Article
6675a, V.A.C.S.

This is in reply to your request for our opinion on House Bill No. 19, known as the Scientific Truck Bill, recently passed by the Forty-seventh Legislature. Your request says:

"Inasmuch as the present registration law requires the truck tractor to be registered under one rate and the semi-trailer under another, we do not know how to advise parties to register their combination vehicles. It appears that in this Bill a combination is considered one vehicle."

Your request has reference to that part of said House Bill No. 19, which reads as follows:

"Section 5. Except as otherwise provided by law, no commercial motor vehicle, truck-tractor, trailer, or semi-trailer, nor combination of such vehicles, shall be operated over, on, or upon the public highways outside the limits of an incorporated city or town, the total gross weight of which exceeds that given by the following formula:

"W equals C times (L plus 40), where
"W equals total gross weight, including load and vehicle, in pounds:
"C equals 700:
"L equals the distance between the first and last axles of a vehicle or combination of vehicles, in feet.
"Under the foregoing formula, the gross weight is ascertained by adding forty (40) to the distance in feet between the first and last axles of a vehicle or combination of vehicles and multiplying this sum by seven hundred (700).

Provided, however, the gross weight shall never exceed
thirty-eight thousand (38,000) pounds.

"Provided, however, the gross weight permitted by
the foregoing formula shall be subject to the following
restrictions and limitations:

"No such vehicle nor combination of vehicles shall
have a greater weight than six hundred (600) pounds per
inch width of tire upon any wheel concentrated upon the surface
of the highway and using high-pressure tires, and a greater
weight than six hundred and fifty (650) pounds per inch width
of tire upon any wheel concentrated upon the surface of the
highway and using low-pressure tires, and no wheel shall
carry a load in excess of eight thousand (8,000) pounds on
high-pressure tires and nine thousand (9,000) pounds on low-
pressure tires, nor any axle a load in excess of sixteen
thousand (16,000) pounds on high-pressure tires, and eighteen
thousand (18,000) pounds on low-pressure tires. An axle
load shall be defined as the total load on all wheels whose
centers may be included between two parallel transverse
vertical planes  forty (40) inches apart."

Said above quoted provision in said Scientific Truck Bill is an amendment
replacing Section 5 of the present Article 827a of Vernon's Annotated
Penal Code of Texas.

Said Article 827a, V.A.P.C., deals primarily with the size,
weight, and manner of operation of motor vehicles on the highways in Texas.
Said Article 827a was originally passed in 1929 as Senate Bill No. 11,
Chapter 42, page 72, Forty-first Legislature, 2nd Called Session, and a-
mended in 1931, by House Bill No. 336, Chapter 282, page 507, Forty-
second Legislature, Regular Session.

Article 911b of Vernon's Annotated Revised Civil Statutes of
Texas provides for the regulation by the Railroad Commission of Texas of
motor propelled vehicles used in transporting property for compensation
or hire over the highways in this State.  Said Article 911b, V.A.C.S.,
was originally passed in 1929 as House Bill No. 654, Chapter 314, page
698, Forty-first Legislature, Regular Session, and amended in 1931 by
House Bill No. 335, Chapter 277, page 480, Forty-second Legislature,
Regular Session.

Article 6675a of Vernon's Annotated Revised Civil Statutes of
Texas provides for the registration of all motor vehicles, trailers and
semi-trailers used on the State highways and fixes a scale of license fees
to be paid on the various types of motor vehicles, trailers and semi-
trailers.  Said Article 6675a, V.A.C.S., was originally passed in 1929 as
House Bill No. 6, Chapter 88, page 172, Forty-first Legislature, Second
Called Sessions, and has been amended on several occasions, since that time.

The Scientific Truck Bill, quoted in part above, amending Article 827a, V.A.P.C., deals with a combination of vehicles as one unit, that is, for the purposes of said Scientific Truck Bill amending Article 827a, V.A.P.C., a combination of vehicles used together are measured and considered as one mechanism. As heretofore pointed out, the purpose of said Article 827a, V.A.P.C., is to regulate the size, weight, and manner of operation of motor vehicles on the highways.

We assume that you have reference to Article 6675a, V.A.C.S., when you say that "the present registration law requires the truck tractor to be registered under one rate and the semi-trailer under another ........." That statement is true. The purpose of said Article 6675a, V.A.C.S., was to provide for a method of registration of all motor vehicles, trailers and semi-trailers used on the highways.

It is apparent that in providing for a method of registration in Article 6675a, V.A.C.S., the Legislature deemed it best to require that each motor vehicle, trailer and semi-trailer be registered separately. However, it is equally apparent that in fixing limitations on the size, weight and operation of trucks, trailers and semi-trailers on the highways, in the Scientific Truck Bill, amending Article 827a, V.A.P.C., a combination of vehicles is to be measured as a unit. We see no objection to dealing with trucks and trailers separately in carrying out the terms of one law, to-wit, the registration law, and dealing with trucks and trailers collectively as one unit under the law regulating size and weight when they are operated together as a combination. The legislature probably considered that when the State keeps a record of all of the motor vehicles, trailers and semi-trailers in the State under the registration laws of this State all such vehicles should be registered separately even though some of them are used together in one combination, but in regulating the size, weight and operation of vehicles for the purposes of safety on the highways a better result could be obtained by applying the limitations and rules as to size, weight and operations to each combination of vehicles as if it was one unit.

Our answer to your inquiry is that every motor vehicle, including truck tractors, and every trailer and semi-trailer, used upon the public highways of this State, should be registered separately under the terms of Article 6675a, V.A.C.S., even though two or more are used together as a combination and are considered a "combination of vehicles" under the Scientific Truck Bill.

In your letter requesting this opinion you asked for a criminal complaint form to be used in the prosecution of cases for violations of the Scientific Truck Bill. Enclosed is such a form.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By S/Cecil C. Rotsch
Cecil C. Rotsch

CCR:db:wc

APPROVED MAY 26, 1941
 s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman